IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN WILLSON, Individually And on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF EUFAULA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.: 2:21-cv-00817-SMD ) ) ) ) ) |

**JOINT MOTION FOR SETTLEMENT APPROVAL**

COME NOW the Plaintiff, Steven Willson ("Plaintiff"), and the Defendant, City of Eufaula ("Defendant"), and jointly move the Court to approve the Parties' Settlement Agreement which represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In support of this Motion, the Parties state as follows:

**INTRODUCTION**

1. Plaintiff, a former police sergeant and K-9 officer for the Defendant, brings this action under the FLSA alleging that Defendant failed to pay him for all hours worked and also failed to pay him time and a half for overtime as required by the statute.

2. Plaintiff was employed by Defendant from 2016 through September 13, 2021 when the Plaintiff resigned his employment.

3. In addition to his work as a sergeant, Plaintiff was responsible for the care of the K-9 owned by the City. Such care included training, grooming, feeding, veterinary visits, cleaning kennels, cleaning the patrol car, K-9 socialization, etc. Defendant paid the Plaintiff 3.5 hours of

1

overtime each week for K-9 care. Plaintiff contends he worked 14+ hours per week in the care and upkeep of the K-9 in addition to his regular patrol hours.

    4.       In discovery, the Defendant provided pay records, time card records, and pay stubs. The parties were therefore able to review the records of actual time worked. However, no time records were kept for the work time spent in K-9 care.

    5.       Defendant contends that it properly paid Plaintiff under the FLSA and that it acted in good faith with a reasonable basis for its actions and in conformity with the law. It further contends that the Homeworker exception applied to the off- the -clock hours for K-9 care.

    6.       In the litigation, there are contentious issues between Plaintiff and Defendant regarding the number of hours that Plaintiff worked, the amount of overtime, and whether the Homeworker exception applied to the K-9 care work. If the Homeworker exception does apply then a significant portion, if not all, of the claimed overtime would be unrecoverable. Plaintiff and Defendant strongly dispute whether this exception applies in this case. However, counsel for both sides agree that the cost of discovery and trial over these issues would far exceed the claim itself. Therefore, in weighing the risks and benefits, the parties believe that this compromise and settlement is a fair and appropriate resolution of the case.

    7.       Under the terms of the Agreement, Plaintiff is receiving an amount which approximately compensates him for an assumed 4 hours of off-the-clock work per week paid at his overtime rate applicable to each workweek, from December of 2018 through his last date of employment in September of 2021, including liquidates damages. This amount is reasonable due to a number of factors. First, if Defendant's theory of the case prevailed, Plaintiff would be owed no additional wages. Second, even if Plaintiff were to prove that he were entitled to lost wages for K-9 care, his estimated hours would have been subject to potentially significant reductions based

on any competing evidence put on by Defendant. Finally, the Parties dispute whether the applicable statute of limitations is 2 or 3 years, and for purposes of settlement Plaintiff's damages assume the third year applies.

8.  The Settlement Agreement provides gross compensation in the amount of $24,000.00 allocated as follows:

$6,333.50 is allocated as backpay wages to the Plaintiff.

$6,333.50 is allocated as liquidated damages to the Plaintiff.

$1,000 is allocated to the Plaintiff as additional consideration for a general release.

$9,600.00 is allocated as attorneys' fees for Plaintiff's counsel.

$733.00 is allocated as reimbursement of Plaintiff's counsel's expenses on the case.

$24,000.00 Total  (Ex. A, Settlement Agreement).

9.  The attorneys' fees and expense amounts are consistent with the representation agreement between Plaintiff and his counsel, being 40% of the total settlement as well as reimbursement for incurred costs.

10.  The undersigned law firm has expended over 45 hours in this case.  The expenses are limited to a $402.00 filing fee, $210.00 in expenses for service of process, a $75.00 PHV fee, and $46.00 for retained outside contract labor for briefing on the Motion for Conditional Certification. Therefore, the parties do not dispute that the attorneys' fees and expense are deemed reasonable.

11.  Under the decision in *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), a court may approve the settlement of an FLSA action where the settlement presents a reasonable compromise of issues which are actually in dispute with regard to the

pending FLSA claims. Where both parties are represented by counsel, there is an assurance of an "adversarial context," which protects employees' rights under the statute.

12. Where there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of back pay in particular, and the court concludes that the settlement is a fair and reasonable resolution of these bona fide disputes, the settlement may be approved. *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003).

WHEREFORE, the Parties respectfully request that this Court grant its approval of the Settlement Agreement attached herein as Ex. A.

Respectfully submitted this the 9th day of June, 2023.

        s/ Josh Sanford
Josh Sanford  Ark. Bar No. 2001037*
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
Email: josh@sanfordlawfirm.com
*admitted pro hac vice

        s/ Robbie Alexander Hyde
Robbie Alexander Hyde (asb-3244-y87r)
Alexander Hyde, LLC
2138 Moore's Mill Road, Ste. A
Auburn, Alabama 36830
Telephone: 334/246-2333
Facsimile: 334/246-2334
Email: robbie@alexanderhyde.com