IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN WILLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-817-SMD |
| | ) | |
| CITY OF EUFAULA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Steven Willson ("Willson"), a Sergeant in the K-9 unit for the City of Eufaula Police Department ("Eufaula"), filed a complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleging that Eufaula has a policy and practice of improperly paying their K-9 officers. Compl. (Doc. 2). Before the Court is the parties' Joint Motion for Settlement Approval. Mot. (Doc. 38). As explained below, the motion is granted.

**I.   BACKGROUND INFORMATION**

Eufaula employed Willson as a Sergeant in the K-9 unit beginning in May 2019. Compl. (Doc. 2) p. 2. Willson asserts that he and other K-9 officers—who were classified as hourly employees and nonexempt from the overtime provisions of the FLSA—were paid thirty minutes per day of overtime to account for the time they spent taking care of their assigned dogs. *Id.* He claims, however, that he regularly spent more than thirty minutes per day caring for his dog, and that he was not compensated for that additional time. *Id.* at 3-4. Willson also alleges that he was not compensated for the time he regularly spent

completing reports after he clocked out in the evenings. *Id.* at 4. Based on these allegations, Willson claims that Eufaula deprived him of regular wages and overtime compensation for the hours he worked. *Id.*

## II. APPLICABLE LAW

Settlement of an action under the FLSA differs from settlement of other claims. Congress enacted the FLSA to protect workers from inequalities in bargaining power between employers and employees. For this reason, the FLSA's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945).

Despite this general rule, an employer and employee may settle a private FLSA suit under the supervision of a district court. When the parties present a proposed settlement agreement to the district court, the court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982). This requires the court to examine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353. There is a strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

## III. DISCUSSION

As set forth in the settlement agreement, the City will pay Willson $24,000.00 to resolve his FLSA complaint. Agreement (Doc. 38-1) p. 2. The settlement agreement

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

includes a provision awarding attorney's fees and costs, which represents 40% of the total recovery. *Id*. The settlement agreement also includes a general release of claims—both known and unknown—outside of Willson's FLSA claims. *Id*. at 2-4. The Court must examine these provisions to determine if the settlement agreement is a fair and reasonable resolution of the FLSA dispute.

### A. Bona Fide Dispute

The parties dispute the number of hours Willson worked; the amount of overtime; and whether the Homeworker exception applies to the K-9 care work.[2] Mot. (Doc. 38) p. 2. They agree that, if the Homeworker exception applies, then a significant portion—if not all—of the claimed overtime would be unrecoverable. *Id*. While the parties strongly dispute whether the exception applies, they agree that the cost of discovery and trial would far exceed the claim itself. *Id*.

The Court finds that there are bona fides dispute between the parties regarding FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354-55. Therefore, the Court turns to whether the parties' proposed settlement agreement is fair and reasonable.

### B. Fair and Reasonable Resolution

#### 1. Attorney's Fees and Costs

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints

---

[2] The "homeworkers exception" provides that "[a]n employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises." 29 C.F.R. § 785.23.

3

the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009). A court may deem a contingency fee award unreasonable if a plaintiff is sacrificing a portion of his unpaid wages recovery to fund his attorney's fees. *Brenowitz v. Implant Seminars, Inc.*, 2017 WL 3438879, at *3 (S.D. Fla. Aug. 10, 2017). In reviewing attorney's fees, the Eleventh Circuit has, as relevant here, rejected contingency fee agreements of forty percent.[3] However, courts in this Circuit have also concluded that "[a] forty percent (40%) [contingency award] is [not] *per se* unreasonable under the FLSA.'" *Brenowitz*, 2017 WL 3438879, at *2 (citing *Aguirre v. S. Fla. Multispecialty Assocs. LLC*, 2014 WL 12539725, at *1 (S.D. Fla. Aug. 19, 2014)).

The calculation of a reasonable attorney's fees award begins with the number of hours reasonably expended on a case multiplied by a reasonable hourly rate (referred to in some contexts as the lodestar method). *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). In determining the number of hours "reasonably expended," a court considers the specific circumstances of each case while being mindful that FLSA cases are generally not complicated or highly risk-intensive. *See e.g.*, *Small v. Richard Wolf Med. Instr. Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). To determine a "reasonable hourly rate," a court considers the skill, experience, and reputation of the lawyers involved. *Loranger*, 10 F.3d at 781. A court may also look to the contingent nature of the fee and the carrying costs counsel faces and adjust the hourly rate upward. *Id.* Finally, a court may evaluate the

---

[3] *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (rejecting forty percent (40%) contingency fee agreement in the settlement of FLSA case, noting that the FLSA provides for reasonable attorney's fees and holding that parties will not be permitted to contract around such provisions in derogation of the FLSA); *Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259, 1266-68 (M.D. Fla. 2008) (holding that a forty percent (40%) contingency fee agreement was "not consistent with the purposes of the FLSA").

significance of the relief counsel obtained for a plaintiff and, where plaintiff obtains an excellent result, an attorney may be awarded the full lodestar amount. *Norman v. Housing Auth.*, 836 F.2d 1292 (11th Cir. 1988).

Here, the City agrees to pay $9,600.00 in attorney's fees and $733.00 as reimbursement of Willson's counsel's expenses. Mot. (Doc. 38) at 2-3. This amount represents forty percent of the total settlement and reflects forty-five hours of attorney work. *Id*. at 3. The hourly rate for Willson's counsel, then, is $213.33 per hour. Willson's counsel was admitted to practice law in 2001 and has prosecuted over 200 wage lawsuits in Texas in the last five years and over 500 wage lawsuits in Arkansas in the last ten years. Affid. (Doc. 40-1) p. 2. Willson's counsel has provided the Court with information showing that attorney's fees in the amount of $11,828.00 were incurred over the course of Willson's representation. Supp. (Doc. 40-1) pp. 5-6. This amount is greater than the amount awarded under the settlement agreement.

Taking into consideration the results achieved, the experience and reputation of the attorneys, the contingent nature of the fee, and all other relevant circumstances, the undersigned finds that the requested attorney's fees are reasonable and should be awarded.

### 2. General Release of Claims

Generally, "an employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). When "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer," *id.* at 1352, the release should be examined closely. Courts within the Eleventh Circuit frequently approve

broad releases accompanying FLSA settlements where the plaintiff receives full compensation for his FLSA claim, and additional consideration for a general release, confidentiality provision, and other clauses.[4]

Here, Willson will receive a $1,000.00 payment that is separate consideration "for a general release of claims relating to [Willson's] employment with the City[.]" *Id*. Because this amount is separate beyond what is arguably due Willson under the FLSA, the Court finds that the general release does not render the settlement unfair or unreasonable, particularly considering that Willson has been represented by counsel throughout this matter.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that the settlement agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Accordingly, it is

ORDERED that the parties' joint motion for settlement approval under the FLSA and to dismiss all claims with prejudice (Doc. 38) is GRANTED.

A separate final judgment will enter.

---

[4] *See Weldon v. Blackwoods Steakhouse, Inc.*, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *Smith v. Aramark Corp.*, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement); *Buntin v. Square Foot Mgmt. Co., LLC*, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015) (approving FLSA settlement where independent consideration, separate from that owed under FLSA, was exchanged, specifically a mutual general release and neutral employment reference).

DONE this 5th day of September, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE